NORTH et al. v. PEOPLE'S BANK OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 451*)—ACTS CONSTITUTING CONVERSION —QUESTION FOR JURY.

　　Where, in an action by executors for conversion of assets of the estate, the evidence of plaintiff was to the effect that an acting executor pledged bonds of the estate to defendant as security for a note executed by a third person, and the note was subsequently paid, and a coexecutor then notified defendant that the bonds belonged to the estate, but defendant applied the proceeds of the bonds on a personal indebtedness due from the acting executor to him, a case was presented for the jury, and it was error to grant a nonsuit.

　　[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 451.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 501*)—QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE—RECORD.

　　The court on appeal, in disposing of objections to evidence, must rely on the record, and, where it does not disclose exceptions, objections will not be considered.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

3. TRIAL (§ 143*)—QUESTION FOR JURY.

　　Where the evidence is conflicting, it is error to grant a nonsuit.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

Appeal from Trial Term, Orleans County.

　Action by Safford E. North and another, as executor and executrix of Charles H. Hedley, deceased, against the People's Bank of Buffalo. From a judgment entered on a nonsuit, plaintiffs appeal. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

· Frank Williams, for appellants.
Kenefick, Cooke & Mitchell, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. The action was for the conversion of two bonds of $500 each. The court held that no cause of action was made out. The appellants claimed the case was one for submission to the jury.

[1] There was evidence tending to show that the bonds were the property of the appellants' estate, and that William E. Hedley was at one time an executor with appellants, and he then had the control of its affairs; the appellants taking little or no part in its management. The acting executor had the custody of these two bonds, and pledged them to defendant, with other bonds, as security for a $5,000 note made by his brother, Carl W., and wife. This note was subsequently paid from the proceeds of the sale of the other bonds, and thereupon these two bonds were released. The defendant was informed by this executor that these two bonds were not his property, but belonged to the estate. Nevertheless the defendant insisted upon applying the proceeds thereof, which it had received, upon the personal indebtedness by the executor to the defendant. This was the conversion alleged, and which the jury might have found upon the evidence given by plaintiffs, in the absence of any evidence on the part of the defendant. There should not have been a nonsuit. The defendant should have been put upon its defense and the case submitted to the jury.

[2] The defendant now claims that some of the evidence given in behalf of the plaintiffs was incompetent and improper, and was received under exceptions which do not appear in the record. We must rely upon the record, and nothing of this kind appears therein. So far as we know, the evidence in question was taken without objection or exception.

[3] The defendant further claims the bonds were pledged to defendant for other indebtedness besides the $5,000 note, and that some of the evidence on cross-examination shows this. The most that can be said upon this subject is that there was conflict in the evidence, and that was for the jury to settle, not for the court. The court limited the examination on this subject rather closely, might well have allowed more latitude, and the apparent conflict might then have disappeared.

Many objections are now made to the sufficiency of the plaintiff's proofs to maintain the action. I do not think it necessary to discuss them in detail. I do not think them well made. They relate largely to the incompetency of the evidence hereinbefore referred to, the failure to put the will in evidence and to produce the books of the Rochester Land Company, and the giving of parol evidence in their absence, the want of identity of the bonds in question, etc.

There should be a new trial, and the respondent can then have the benefit of their objections, which it is not in a position to urge upon this appeal, and appellants will have a chance to avoid these objections, if they are able to do so, and all controverted questions of fact can be submitted to a jury, rather than be determined by the court. All concur.